Robert A. Ring, Esq., Bar No. 97850
Susan H. Green, Esq., Bar No. 101736
Ring & Green APC
3435 Overland Avenue
Los Angeles, CA 90034
Telephone: (310) 226-2550
Facsimile: (310) 226-2459
Email: rring@ringgreen.com

Andrew Gerber (To Be Admitted Pro Hac Vice)
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
Telephone: (212) 882-1320
Email: andrew@kgfirm.com

Attorneys for Plaintiff KATIE THIERJUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| KATIE THIERJUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SHEIN FASHION GROUP, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION [17 U.S.C. § 1202(b)];**<br><br>**(3) FALSE COPYRIGHT MANAGEMENT INFORMATION [17 U.S.C. § 1202(a)]** |

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Katie Thierjung ("Plaintiff"), by and through her undersigned attorneys, as and for her complaint against Defendants Shein Fashion Group, Inc. ("Shein") and Does 1-10 (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338 in that claims herein arise under the federal Copyright Act, 17 U.S.C., § 101 *et seq*. and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*.

2. Plaintiff is informed and believes and thereon alleges that this Court has personal jurisdiction over Defendant Shein in that Shein's principal place of business is in this district; Shein advertises, distributes, and sells products to consumers from its principal place of business as well as temporary retail locations in this district; and Shein operates e-commerce websites and mobile applications that market to consumers in this district, offer for sale products to consumers in this district, and provide for consumers in this district to enter into online transactions for a variety of products. On information and belief, Shein regularly does or solicits business in California; derives substantial revenue from goods used or services rendered in California; expects or reasonably should expect its infringing conduct to have consequences in California; and derives revenue from interstate commerce.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

3.     This district is the proper venue for this action under 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

## PARTIES

4.     Plaintiff Katie Thierjung is an individual residing in Ladera Ranch, California. Ms. Thierjung has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

5.     Plaintiff is informed and believes and thereon alleges that Defendant Shein is a corporation organized and existing under the laws of the State of California with its principal place of business at 345 North Baldwin Park Boulevard, City of Industry, California 91746. On information and belief, Shein is a subsidiary of Hong Kong retailer ZoeTop Business Co., Limited. Plaintiff is informed and believes and thereon alleges that Shein advertises, distributes, and sells products under various brands, including "SHEIN" and "ROMWE," to consumers throughout the United States and operates and manages SHEIN and ROMWE brand business activities based in the United States. Plaintiff is informed and believes and thereon alleges that Shein's principal place of business is listed as the principal address on the ROMWE website as well as the return department address on packaging for products purchased directly from the SHEIN brand website. Plaintiff is informed and believes and thereon alleges that Shein has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

6.     Defendants Does 1-10 are entities whose identities are unknown to Plaintiff at this time. Plaintiff is informed and believes and thereon alleges that in connection with the named Defendant Shein and its activities described herein, Defendants Does 1-10 created, manufactured, supplied, and/or distributed the Infringing Product (as defined herein). Plaintiff is informed and believes and thereon alleges that information obtained in discovery will lead to the identification of the true identities and locations of Does 1-10 and permit Plaintiff to amend her Complaint to state the same.

7.     Plaintiff is informed and believes and thereon alleges that at all relevant times at issue, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment. Plaintiff is informed and believes and thereon alleges that each of the Defendants actively participated in and/or subsequently ratified and adopted each and all of the infringing acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## GENERAL ALLEGATIONS

### A.   Plaintiff Is an Independent Artist and Designer of Accessories and Prints

8.     Ms. Thierjung sells original enamel pins, art prints, and other products under the brand name "The Uncommon Place." Ms. Thierjung sells a variety of products, all

**COMPLAINT AND DEMAND FOR JURY TRIAL**

featuring her original designs, through her Etsy storefront, located at www.etsy.com/shop/TheUncommonPlace, and through authorized third-party retailers. Known for her colorful designs that showcase a mid-century modern flair, Ms. Thierjung has a large and devoted base of fans and consumers.

9.      Among Ms. Thierjung's most popular products are the Tropical Blue Retro Cocktail Pin, the Pink Tropical Bird Pin, and the Pink Retro Cocktail Pin (collectively, the "Original Pins"), respectively shown below.

  

10.     Ms. Thierjung holds federal copyright registrations for all three of the Original Pins. The corresponding registration certificates are attached hereto as <u>Exhibit A</u>.

11.     Since Ms. Thierjung created the Original Pins in 2016, they have been among her most popular items. As a result, the Original Pins are closely associated with Ms. Thierjung by her followers.

12.     Numerous forms of copyright management information, namely, Ms. Thierjung's name, brand name, logo, and social media handle, are included on authorized

copies of the Original Pins and their packaging, as shown below. This information, which is created and placed on authorized copies of the Original Pins and their packaging via a digital and technological process involving computer and printing machinery, serves to identify Ms. Thierjung as the author and copyright owner of the Original Pins.









13.   Ms. Thierjung further conveys such copyright management information in connection with the Original Pins on her website, social media accounts, and third-party websites.

**B.   <u>Shein and Does 1-10 Infringed on Plaintiff's Copyrights</u>**

6

**COMPLAINT AND DEMAND FOR JURY TRIAL**

14.   Ms. Thierjung is informed and believes and thereon alleges that Defendant Shein is a fast fashion retailer that advertises and sells apparel, accessories, jewelry, and other products through various brands, including "SHEIN" and "ROMWE." Ms. Thierjung is informed and believes and thereon alleges that Shein operates and manages SHEIN and ROMWE brand business activities based in the United States, including, but not limited to, advertising, distributing, and selling branded products to consumers throughout the United States, including in this district.

15.   Ms. Thierjung is informed and believes and thereon alleges that advertises, distributes, and sells its products directly to consumers through several e-commerce websites, including www.shein.com (the "Shein Website"), and mobile applications. Shein also advertises and sells its products through sample sales, college campus events, and pop-up store events across the United States, including in this district such as at its principal place of business, temporary retail locations, and college and university campuses.

16.   Ms. Thierjung is informed and believes and thereon alleges that the SHEIN brand is one of the fastest growing brands in the online fast fashion market. The SHEIN brand is known for its targeted advertising social media campaigns, consistently advertising products with steep discounts and is even featured as a case study on Instagram's business website. Shein advertises its various promotional events throughout the United States, including in this district, on the SHEIN brand social media accounts,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

including on Facebook and Instagram, located at www.facebook.com/shein2019, www.instagram.com/sheinofficial, and www.instagram.com/shein_us.

17.    On information and belief and without Ms. Thierjung's authorization, Defendants created, manufactured, caused to be manufactured, imported, marketed, distributed, and/or sold a set of enamel pins (the "Infringing Product"), listed as "Bird & Cup Design Brooch Set," which includes three pins that feature designs strikingly similar to the Original Pins (the "Infringing Pins").

18.    Below is a side-by-side comparison of the Original Pins and the Infringing Pins. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Infringing Pins are virtually identical to those of the Original Pins.

**COMPLAINT AND DEMAND FOR JURY TRIAL**



| Original Pins | Infringing Pins |
|---|---|

19.     Additional examples of the Infringing Product as it appears on the Shein Website are attached as <u>Exhibit B</u> and incorporated herein by this reference.

20.     Ms. Thierjung is informed and believes and thereon alleges that Defendants' infringement of the Original Pins has been willful. Defendants never attempted to contact

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Ms. Thierjung to inquire about properly licensing her work. Instead, Defendants simply raided Ms. Thierjung's intellectual property to create the Infringing Product.

21.     Ms. Thierjung is informed and believes and thereon alleges that in the process of unlawfully creating, copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Pins without the consent, permission, or authority of Ms. Thierjung, Defendants intentionally removed the copyright management information that Ms. Thierjung placed on authorized copies of the Original Pins and their packaging with the intent to induce, enable, facilitate, or conceal an infringement of Ms. Thierjung's rights under the Copyright Act.

22.     Ms. Thierjung is informed and believes and thereon alleges that Defendants unlawfully created and distributed copies of the Original Pins with the knowledge and intent that Ms. Thierjung's copyright management information had been removed therefrom. On information and belief and without Ms. Thierjung's authorization, Defendants created and distributed the Infringing Product, which feature copies of the Original Pins that are missing the copyright management information placed on authorized copies of the Original Pins and their packaging.

23.     Ms. Thierjung is informed and believes and thereon alleges that Defendants also provided several types of false copyright management information in connection with copies of the Original Pins. Namely, Defendants affixed the "SHEIN" name and logo to

**COMPLAINT AND DEMAND FOR JURY TRIAL**

the packaging of the Infringing Product. Such information serves to misidentify Shein as the author and copyright owner of the Original Pins.

24.    Ms. Thierjung is informed and believes and thereon alleges that Defendants knew that the copyright management information that they affixed to copies of the Original Pins was false because Defendants knew that Plaintiff, and not Shein, was the true author and copyright owner of the Original Pins.

25.    Ms. Thierjung is informed and believes and thereon alleges that Defendants provided false copyright management information in connection with copies of the Original Pins for the purpose of giving consumers the impression that Shein was the author and copyright owner of the Original Pins. Defendants intended that by doing so, they would facilitate the sale of the Infringing Product and conceal the fact that they were infringing the Original Pins.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501, *et seq.*)

26.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 25, inclusive.

27.    Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in the Original Pins.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

28.     Plaintiff is informed and believes and thereon alleges that Defendants had access to Plaintiff's Original Pins, including, without limitation, through (a) viewing the Original Pins on Plaintiff's website or social media; (b) viewing the Original Pins on an authorized third-party retailer's website or social media; and/or (c) purchasing the Original Pins from Plaintiff or an authorized third-party retailer.

29.     Plaintiff is informed and believes and thereon alleges that Defendants copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Pins without the consent, permission, or authority of Plaintiff.

30.     Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501.

31.     Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

32.     Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

33.     Alternatively, Plaintiff is entitled to select one award of statutory damages for each of the three Original Pins, pursuant to 17 U.S.C. § 504.

34.     Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law.

Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling substantially similar copies of Plaintiff's copyrighted designs, including, without limitation, the Original Pins.

## SECOND CLAIM FOR RELIEF

### (Removal of Copyright Management Information, 17 U.S.C. § 1202(b))

35.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 above, and incorporates them herein by this reference.

36.    The Original Pins include conspicuous copyright management information, which is conveyed in connection with the Original Pins and their packaging and protected under 17 U.S.C. § 1202(b).

37.    Plaintiff further conveys such copyright management information in connection with the Original Pins on her website, social media accounts, and third-party websites.

38.    Plaintiff is informed and believes and thereon alleges that in the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Product without the consent, permission, or authority of Plaintiff, Defendants intentionally removed Plaintiff's copyright management information conveyed in connection with the Original Pins.

39.     Plaintiff is informed and believes and thereon alleges that Defendants created and sold infringing products featuring copies of the Original Pins with the intent and knowledge that copyright management information had been intentionally removed therefrom.

40.     Plaintiff is informed and believes and thereon alleges that Defendants intentionally removed Plaintiff's copyright management information and distributed the Infringing Product with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

41.     Defendants engaged in these activities without the consent or authorization of Plaintiff.

42.     Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Product, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

### THIRD CLAIM FOR RELIEF

**(False Copyright Management Information, 17 U.S.C. § 1202(a))**

43.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above, and incorporates them herein by this reference.

---

14

**COMPLAINT AND DEMAND FOR JURY TRIAL**

44.     Defendants intentionally and knowingly provided false copyright management information in connection with copies of the Original Pins. Specifically, Defendants affixed the "SHEIN" name and logo to the packaging of the Infringing Product.

45.     Defendants knew that the copyright management information that they conveyed in connection with copies of the Original Pins was false because Defendants knew that Plaintiff, and not Shein, was the true author and copyright owner of the Original Pins that they had intentionally copied.

46.     Defendants knowingly provided such false copyright management information and distributed such false copyright management information in connection with copies of the Original Pins with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

47.     Defendants engaged in these activities without the consent or authorization of Plaintiff.

48.     Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(a) and are entitled to injunctive relief, impounding of the Infringing Product, damages, costs, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.     For an order permanently restraining and enjoining Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Pins or any elements thereof;

2.     For an order requiring the destruction of all of Defendants' infringing products, including the Infringing Product, and all marketing, advertising, or promotional materials depicting Defendants' infringing products;

3.     For an accounting of all profits obtained by Defendants from sales of the infringing products and an order that Defendants hold all such profits in a constructive trust benefiting Plaintiff;

4.     For an award to Plaintiff of all profits of Defendants from the sale of the infringing products;

5.     For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

6.     For an award to Plaintiff of statutory damages for each Original Pin under the Copyright Act, 17 U.S.C. § 504(c), as well as attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505;

7.     For an award of $25,000 per violation of 17 U.S.C. § 1202(a), an order requiring the impounding of the Infringing Product under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

8.      For an award of $25,000 per violation of 17 U.S.C. § 1202(b), an order requiring the impounding of the Infringing Product under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

9.      For prejudgment interest on all damages awarded by this Court;

10.     For reasonable attorneys' fees and costs of suit incurred herein; and

11.     For such other and further legal and equitable relief as the Court deems just and proper.


Dated: October 7, 2019                          RING & GREEN APC


                                                By: /x/ Robert A. Ring_____
                                                     Robert A. Ring

                                                KUSHNIRSKY GERBER PLLC

                                                Attorneys for Plaintiff,
                                                KATIE THIERJUNG

---

17

**COMPLAINT AND DEMAND FOR JURY TRIAL**

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: October 7, 2019                           RING & GREEN APC


                                                 By: /x/ Robert A. Ring
                                                     Robert A. Ring

                                                 KUSHNIRSKY GERBER PLLC

                                                 Attorneys for Plaintiff,
                                                 KATIE THIERJUNG

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

**COMPLAINT AND DEMAND FOR JURY TRIAL – EXHIBIT A**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Leigh Clayett*

Acting United States Register of Copyrights and Director

**Registration Number**
**VA 2-048-771**
**Effective Date of Registration:**
February 08, 2017

---

### Title
         **Title of Work:**    Tropical Blue Retro Cocktail Pin

### Completion/Publication
      **Year of Completion:**    2016
    **Date of 1st Publication:**    March 04, 2016
    **Nation of 1st Publication:**    United States

### Author
    •    **Author:**    Katie Thierjung
    **Author Created:**    jewelry design, 2-D artwork
    **Citizen of:**    United States
    **Year Born:**    1994

### Copyright Claimant
    **Copyright Claimant:**    Katie Thierjung
        70 Livingston Place, Ladera Ranch, CA, 92694, United States

### Rights and Permissions
    **Organization Name:**    Kushnirsky Gerber PLLC
    **Email:**    copyright@kgfirm.com
    **Telephone:**    (212)882-1320
    **Address:**    27 Union Square West
        Suite 301
        NY, NY 10003 United States

### Certification
    **Name:**    Ilya Kushnirsky
    **Date:**    February 08, 2017

Page 1 of 1

**COMPLAINT AND DEMAND FOR JURY TRIAL – EXHIBIT A**

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-058-171**

**Effective Date of Registration:**
July 08, 2017

---

### Title

|  |  |
|---|---|
| Title of Work: | Pink Tropical Bird Pin |

### Completion/Publication

|  |  |
|---|---|
| Year of Completion: | 2016 |
| Date of 1st Publication: | March 25, 2016 |
| Nation of 1st Publication: | United States |

### Author

|  |  |
|---|---|
| • Author: | Katie Thierjung |
| Author Created: | jewelry design, 2-D artwork |
| Citizen of: | United States |
| Year Born: | 1994 |

### Copyright Claimant

|  |  |
|---|---|
| Copyright Claimant: | Katie Thierjung |
|  | 70 Livingston Place, Ladera Ranch, CA, 92694, United States |

### Rights and Permissions

|  |  |
|---|---|
| Organization Name: | Kushnirsky Gerber PLLC |
| Email: | copyright@kgfirm.com |
| Address: | 27 Union Square West |
|  | Suite 301 |
|  | New York, NY 10003 United States |

### Certification

|  |  |
|---|---|
| Name: | Ilya Kushnirsky |
| Date: | July 08, 2017 |

---

|  |  |
|---|---|
| Correspondence: | Yes |

Page 1 of 1

---

**COMPLAINT AND DEMAND FOR JURY TRIAL – EXHIBIT A**

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-058-172**

**Effective Date of Registration:**
July 08, 2017

---

### Title

| | |
|---|---|
| **Title of Work:** | Pink Retro Cocktail Pin |

### Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2016 |
| **Date of 1st Publication:** | March 04, 2016 |
| **Nation of 1st Publication:** | United States |

### Author

| | |
|---|---|
| **Author:** | Katie Thierjung |
| **Author Created:** | jewelry design, 2-D artwork |
| **Citizen of:** | United States |
| **Year Born:** | 1994 |

### Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Katie Thierjung |
| | 70 Livingston Place, Ladera Ranch, CA, 92694, United States |

### Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Kushnirsky Gerber PLLC |
| **Email:** | copyright@kgfirm.com |
| **Address:** | 27 Union Square West |
| | Suite 301 |
| | New York, NY 10003 United States |

### Certification

| | |
|---|---|
| **Name:** | Ilya Kushnirsky |
| **Date:** | July 08, 2017 |

---

| | |
|---|---|
| **Correspondence:** | Yes |

Page 1 of 1

22

**COMPLAINT AND DEMAND FOR JURY TRIAL – EXHIBIT A**

# **EXHIBIT B**

**COMPLAINT AND DEMAND FOR JURY TRIAL – EXHIBIT B**

Shein Website Listing for Bird & Cup Design Brooch Set:





**COMPLAINT AND DEMAND FOR JURY TRIAL – EXHIBIT B**